# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

O'BRYAN ANDRE SHADE,

        Petitioner,      :    Case No. 2:24-cv-2694

- vs -                              District Judge James L. Graham
                                        Magistrate Judge Michael R. Merz

MYCHAL TURNER,

                                  :

        Respondent.

## ORDER STAYING PROCEEDINGS

This is a habeas corpus case brought *pro se* by Petitioner O'Bryan Shade pursuant to 28 U.S.C. § 2241 (Petition, ECF No. 2).  Shade avers that he is a pre-trial detainee awaiting trial on unspecified criminal charges in the Franklin County Court of Common Pleas in Case No. 23-006596.

Upon filing, this case was randomly assigned to United States District Judge James L. Graham and then referred to the undersigned pursuant to Amended General Order 22-05.  The undersigned then entered on May 22, 2024, an Order to Petitioner to show cause why this case should not be stayed until he had exhausted available state court remedies.  He has not responded and the deadline for doing so expired more than three weeks ago.

Petitioner pleads the following grounds for relief:

> **Ground One:**  Rule 79.01 Continuances Violated:  If the Defendant is incarcerated at the time a continuance is granted, the defendant's signature is to be obtained if there is a waiver of speedy trial rights.

1

>**Supporting Facts:**  Unjournalized continuances do not toll speedy trial time.  No continuance of the trial shall be granted except in open court upon reasonable notice that the ends of justice so require.  No court shall grant a continuance without first setting a trial date.
>
>**Ground Two:**  Rule 43:  Presence of the Defendant.  Violated.  I was not presence [sic] in courtroom on these dates: 1-31-[20]24, 3-13-[20]24.
>
>**Supporting Facts**:  The defendant must be physically present at every stage of criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence except as otherwise provided by these Rules.
>
>**Ground Three:**  [Ohio] Revised Code 2945.71 Violated:  Defendant must be brought to trial on a felony charge within 270 days.  Each day on which the accused is held in jail in lieu of bail on the pending charge shall be counted as 3 days.
>
>**Supporting Facts:**  Purpose of speedy trial statute.  Failure to comply with statute.  Charge against defendant must be dismissed with prejudice.
>
>**Ground Four:**  6th Amendment
>
>**Supporting Facts:**  The right to a public trial without unnecessary delay.

Petition (ECF No. 2, PageID 6-7).

Most of Petitioner's claims arise under Ohio law which this Court has no authority to consider.  However Ground Four states a claim for violation of the Sixth Amendment and this Court has authority to stay a habeas petition pending exhaustion of state court remedies.  *Rhines v. Weber*, 544 U.S. 269 (2005).  Dismissing this case, even without prejudice, would subject any later habeas claim by Petitioner to the restrictions on second or successive habeas petitions imposed by 28 U.S.C. § 2244(b).

Accordingly, it is hereby ORDERED that these proceedings be, and they hereby are, stayed pending exhaustion of available state court remedies.

The Clerk is ordered to serve a copy of this Order on The Honorable Andria C. Noble, Judge of the Common Pleas Court of Franklin County, Ohio, and on the habeas corpus section of the office of Ohio Attorney General David Yost, both for purposes of notice only.

June 26, 2024.

s/ *Michael R. Merz*<br>
United States Magistrate Judge